ANGELINA BOUTHOT *vs*. DAVID BOUTHOT.

York.     Opinion, May 16, 1932.

*Hilary F. Mahaney,* for plaintiff.
*William P. Donahue,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

FARRINGTON, J.   Trover. The presiding Justice in his instruc-
tions to the jury directed it as a matter of law to render its verdict
for the plaintiff, stating that its only consideration was the ques-
tion of damages which were returned in the sum of $275.

The case comes to us on a duly noted exception to that portion
of the charge directing a finding for the plaintiff, on one other
seasonably reserved exception to the exclusion of evidence along a
certain line of inquiry, and on general motion.

The writ alleges conversion of the following specific articles:
"One oak square table, one 9 x 12 tapestry rug, six oak leather
chairs, one round oak table, one 9 x 12 congoleum, four chairs, one
A B C electric washing-machine, one Capital Stewart Range, one
plain square table, one oak bed, one bed, one oak chair, one ivory
bed, one oak chair, one chifferobe, two oak dressers, one oak wash
stand, one Singer Sewing Machine, one Glenwood stove, other
household goods, . . ."

The plaintiff, through an interpreter, testified that she had in
1929, subject to a $195 mortgage to the Personal Finance Com-
pany (the mortgage not having been introduced as an exhibit in
the case), "tables, beds, stoves, linoleums, and simply the outfit for
a house," everything in the house. She stated that the defendant's
wife went to her house on a Friday in October, 1929, and said,
"You will have to let the furniture go," and that on the following

Monday an expressman, or truckman, one Fortin, came and took everything away except pictures on the walls and the small curtains, and that what was taken was moved to the garage of one Paquin and afterwards, at a time not stated, moved from there into the "cellar" of the defendant. She testified that she asked the defendant for the furniture and that he said, "Can't have it. . . You can't get him," and that he said he paid for it. She further stated that the furniture was insured and that the premiums were paid by her and her husband. It is important to note that she testified that the furniture taken away was "dining room set; kitchen table; chairs, stove, furnaces, linoleums, sewing machine, curtains, washing machine," *and that that was all.* She further stated that she paid $31 for the dining room set, $8 for the kitchen table, $25 for one stove, the name of which she did not remember, and $49 for "one of those round heaters," and $95 for the sewing machine, a total of $208. She stated that the A B C washing machine named in the writ was sold by her to make a payment of interest on the Personal Finance Company loan and that with reference to the washing machine she paid in part, and on being asked if her husband paid for it, she said that she did not know. She gave, as the alleged owner, her opinion that the furniture was worth $500. It also appeared from her testimony that all of the articles which she mentioned were at least twelve years old prior to the time when she testified, which was at the January term, 1932, the conversion being alleged as of July 1, 1931, and she made the same statement as to the chairs, linoleums and curtains concerning which she gave no cost price, which, it is needless to say, is not the measure of damages.

Regardless of the allegations of the writ, the plaintiff's own testimony limits her recovery in this case to the articles named above, which she said covered all that was taken. The number or kind of chairs is not stated by the plaintiff, nor does the record furnish any information as to the kind or number of linoleums or curtains, but on the admission of the plaintiff as to twelve years' usage of all the articles claimed by her to have been converted, we are forced to the conclusion that the sum awarded by the jury as damages is excessive. There was no evidence before the jury which could have

been reasonably construed as relating to values at the time of the conversion. No such question was asked of or answered by any witness.

Regardless of what the instructions were on the question of damages, they are not before us on any exception and we need not consider them. We must, as far as this record is concerned, approach the consideration of damages on the assumption that the jury was properly instructed, and we find the damages as fixed by the jury so clearly excessive that the general motion must be sustained.

The declaration alleges the conversion of certain specifically named articles of which the "six oak leather chairs, one round table," may well be the dining room set as to which the plaintiff testifies. The "Capital Stewart Range" and "Glenwood stove" are very likely what plaintiff calls "stove, furnaces." The "A B C electric washing machine" is out of the picture in any event, as the plaintiff had sold it. The "Singer Sewing Machine" we may assume to be the same one to which the plaintiff referred in her testimony. The "9 x 12 tapestry rug" and the "9 x 12 congoleum" may be what the plaintiff styles "linoleums." The "four chairs" and the "two oak chairs" may be the "chairs" which plaintiff says were taken away.

Whether the "kitchen table" which the plaintiff says was included in the furniture taken is the "oak square table" or the "plain square table" named in the declaration, it is impossible to say. It can not, however, include both, so that there are named in the declaration as having been converted, but as to which the plaintiff in her testimony makes no claim of conversion, one table, one oak bed, one bed, one ivory bed, one "chifferobe," two oak dressers, one oak wash stand. It appears from the records that "curtains" were included by the plaintiff in her statement as to what was taken and possibly those may be covered by what the declaration calls "other household goods" as to which we make no comment. It will be noted, however, that eight articles were definitely named in the declaration as to which there is no testimony from the plaintiff or any other person that there was any conversion. Under these circumstances, it was error to have directed a verdict for the plaintiff, which was in effect to allow recovery for all articles named in the writ regard-

less of whether or not conversion was proved. The presiding Justice did not in any way separate the specific articles named in the declaration but instructed the jury to find a verdict on the writ as it stood. He had no right to direct a verdict under such circumstances. He should have left it for the jury to determine on the evidence before it what articles had or had not been converted, or he should have given definite instructions to assess damages for such articles only as were by the evidence shown to have been converted.

We pass without comment the question as to whether or not the record discloses sufficient evidence that the plaintiff had such general or special property in the goods in question as entitled her to their immediate possession, so that the direction of a verdict might be sustained as far as that point is concerned, as the exception to such direction must be sustained for reasons already stated.

Although strongly impressed by argument of plaintiff's counsel relating thereto, we regard it as unnecessary to consider the other exception, as the entry must be,

*Exception sustained.*
*Motion sustained.*